CatRon, Cb. J.,
delivered the opinion of the court.
Elijah Shepherd proves he put corn on the boat as part of the load that M’Kinney was to furnish. He was to pay twenty five cents per barrel for freighting an'd selling; *260 dealt with M’Kinney alone, looked to, and received pay from him. Each party, Cox and M’Kinney, was to put-in and furnish his half of the freight, and M’Kinney had furnished his half independent of the Darwin corn.
Sampson Williams contracted with Cox and M’Kinney to freight for him one hundred barrels of corn; that is, M’Kinney twenty barrels 'and Cox eighty barrels. M’Kinney said twenty barrels would complete his part of the load. Each of the defendants was to furnish equal parts of the freight. If his (Williams’) part had been lost, he would have looked to each separately, and not to them jointly for pay. Witness bought Cox’s interest in the boat after it was raised.
There was proof also to show that Cox and M’Kinney were jointly liable: but that the truth of the mode of freighting is stated by Williams, hardly admits of a doubt; and that the jury believed Cox contracted ón his own account for Darwin’s freight, and was responsible to him. alone, is highly probable.
On this evidence the circuit court charged the jury-,, “If they (Cox and M’Kinney) were notpartners in the business, neither of them can be recovered against on this declaration.”
The other parts of the charge are correct, that if they jointly undertook, they are jointly liable as common carriers; unless it be true the plaintiff freighted at his-own risk, which depends on-the fact. Could, on the declaration, a verdict and judgment be rendered against Cox, and for the defendant, M’Kinney? At common law this could not be done; the allegation that the contract was joint, must have been supported by the proof. 1 Chitty’s Pl. 34, 75. But by the act of 1820, ch. 25, sec. 2, it is provided that in all joint actions founded upon contract, whether the action be debt or case, a verdict and judgment may be rendered against the defendant who is liable. The first section of the act declares all the parties to negotiable paper, maker and endorsers, may be jointly sued, *261 a stronger provision than that of the second section. The law is general, and applies clearly to this cause.
The judgment will be reversed for the misdirection to the jury, and the cause remanded for another trial.
Judgment reversed.